UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ASIM A. HAMEEDI, M.D.,

                Plaintiff,

v.

XAVIER BECERRA, in his official capacity as Secretary, United States Department of Health and Human Services,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-2654 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Asim A. Hameedi, M.D., seeks review of a final decision of Defendant Xavier Becerra, Secretary of Health and Human Services (the "Secretary") that excluded him from participation in Medicare, Medicaid, and all other federal health care programs for 11 years pursuant to 42 U.S.C. § 1320a-7(a)(3). Both Plaintiff and the Secretary have moved for judgment on the pleadings pursuant to Rule 12(c). ECF No. 10 (Defendant's Motion for Judgment on the Pleadings); ECF No. 13 (Plaintiff's Motion for Judgment on the Pleadings). Because the Secretary's final decision is supported by substantial evidence, was not arbitrary and capricious, and did not violate Plaintiff's due process rights, the Court affirms the Secretary's decision. Accordingly, the Court grants the Secretary's motion for judgment on the pleadings, denies Plaintiff's motion, and dismisses Plaintiff's case.

## BACKGROUND

    On February 9, 2018, Plaintiff, a cardiologist and physician licensed in New York, pleaded guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1347 based on his participation in "a scheme and artifice to defraud a health care benefit program." ECF No.

6 at 588–98 (Administrative Record, referred to herein as "AR").[1]  From 2003 through November of 2015, Plaintiff, the president and owner of a medical clinic that specialized primarily in cardiology and neurology, and other individuals made false representations to insurance providers (including Medicare) about patients' symptoms, medical histories and test results in order to obtain preauthorization for medical tests and procedures.  AR at 551–67.  On June 3, 2021, the judge presiding over Plaintiff's criminal case sentenced him to 20 months of imprisonment and ordered him and two co-defendants, with whom he was jointly and severally liable, to pay restitution in the amount of $554,331.  AR at 599–603.

On February 28, 2022, the Office of the Inspector General of the Department of Health and Human Services ("OIG") notified Plaintiff that, as a result of his felony conviction, he would be excluded from participating in all federal health care programs for a period of 11 years pursuant to 42 U.S.C. § 1320a-7(a).  AR at 44.  The OIG, at its discretion, may impose an exclusion longer than the statutory minimum period of five years based on any of the nine aggravating factors identified in the governing regulations.  42 C.F.R. § 1001.102(b).  The OIG's decision to exclude Plaintiff for a period longer than the minimum mandatory exclusion period was based on two aggravating circumstances:  (1) the acts resulting in his conviction caused or were intended to cause a financial loss to a government agency or program of $50,000 or more, and (2) the sentence imposed by the sentencing court included incarceration.  AR at 45; *see also* 42 C.F.R. § 1001.102(b).

Plaintiff appealed the OIG's exclusion decision and requested a hearing in front of an Administrative Law Judge ("ALJ") on the issue of whether the length of the exclusion was

---

[1]  All citations to the parties' memoranda of law refer to the pages assigned by the Electronic Case File system ("ECF").  *See* ECF No. 10; ECF No. 13; ECF No. 15 (Secretary's Opposition to Plaintiff's Motion); ECF No. 16 (Plaintiff's Opposition to Secretary's Motion). Citations to AR cite to the pages assigned by the Administrative Record.

2

unreasonable.  AR at 36–43.  On September 30, 2022, following receipt of written submissions from Plaintiff and the OIG, ALJ Jacinta L. Alves affirmed the OIG's imposition of the exclusion but reduced its length to eight years.  AR at 1–12.  ALJ Alves found that the OIG assigned a greater weight than warranted to the financial loss aggravating factor because the OIG relied on the "millions of dollars" in alleged fraudulent gains charged in the original indictment against Plaintiff and five other defendants rather than Plaintiff's court-ordered restitution of $554,331.  AR at 11.  ALJ Alves found that, based on the restitution amount ordered by the sentencing court and the 20-month period of incarceration imposed on Plaintiff, an eight-year exclusion period was reasonable.  *Id*.

Plaintiff and the Secretary each cross-appealed the ALJ's decision to the Health and Human Services Departmental Appeals Board ("DAB").  AR at 13.  The Secretary argued that the ALJ had erred in decreasing the exclusion period by three years, while Plaintiff contended that the two aggravating factors present did not warrant any increase beyond the mandatory minimum five-year period.  AR at 19–20.  The DAB consolidated the two appeals and, on February 6, 2023, issued a final agency decision reversing the ALJ's decision to shorten the exclusion period, finding that it was not supported by substantial evidence.  AR at 13–35.  The DAB concluded that substantial evidence did not support the ALJ's finding that the OIG had assigned the financial loss aggravating factor too much weight in reliance on an amount in excess of the restitution ordered by the court.  AR at 22–27, 35.  The DAB considered, but rejected, Plaintiff's argument that the 11-year exclusion period was unreasonable and reinstated that original period.  AR at 19, 35.

Plaintiff filed this action seeking judicial review of the Secretary's final agency decision on April 7, 2023.  ECF No. 1 (Complaint).  The Secretary filed his Answer and the certified administrative record on July 24, 2023.  ECF No. 6.  The Secretary filed his motion seeking

3

judgment on the pleadings on December 14, 2023, *see* ECF No. 10, and Plaintiff moved for judgment on the pleadings on December 28, 2023, *see* ECF No. 13.  The parties filed their respective oppositions on January 29, 2024.  ECF No. 15; ECF No. 16.

## LEGAL STANDARD

Judicial review of the Secretary's final decision to exclude a health care provider from federal health care programs is authorized by 42 U.S.C. § 1320a-7(f), which incorporates by reference the limited waiver of sovereign immunity in 42 U.S.C. § 405(g).  42 U.S.C. § 1320a-7(f)(1).  The decision to exclude a medical practitioner from participating in federal health care programs is reviewed under the same standard as a decision involving Social Security benefits. *See, e.g.*, *Marshall v. Sec'y of Dep't of Health & Hum. Servs.*, No. 17-cv-1382, 2019 WL 2895668, at *3 (D. Conn. Mar. 11, 2019); *Lasher v. Dep't of Health & Hum. Servs.*, 369 F. Supp. 3d 243, 250 (D.D.C. 2019), *aff'd*, 2020 WL 9256389 (D.C. Cir. 2020).[2]  Accordingly, in evaluating a determination by the Secretary, "the relevant inquiry is whether the [DAB] applied the correct legal standards and whether the [DAB]'s determination is supported by substantial evidence."  *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022).

"The substantial evidence standard is a very deferential standard of review—even more so than the clearly erroneous standard."  *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022).  But the standard is "not merely hortatory:  It requires relevant evidence which would lead a reasonable mind to concur in the [DAB]'s factual determinations."  *Colgan v. Kijakazi*, 22 F.4th 353, 359 (2d Cir. 2022).  The applicable regulations expressly state that the Secretary may "only" consider two issues:  whether a "basis for the imposition of the sanction exists" and whether the "length of exclusion is unreasonable."  42 C.F.R. § 1001.2007(a)(1).  "[I]f the Court

---

[2]    Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

4

finds that there was substantial evidence in support of the Secretary's determination and that the proper legal standards were applied, then the Secretary's decision must be upheld." *Kahn v. Inspector Gen. of the U.S. Dep't of Health & Hum. Servs*, 848 F. Supp. 432, 436 (S.D.N.Y. 1994).

## DISCUSSION

Title 42 of the United States Code authorizes the Secretary to exclude certain individuals and entities from participation in federal health care programs, including Medicare and Medicaid. 42 U.S.C. § 1320a-7. The purpose of exclusion is to protect all federal health care programs from "fraud and abuse, and to protect the beneficiaries of those programs from incompetent practitioners and from inappropriate or inadequate care." *Manocchio v. Kusserow*, 961 F.2d 1539, 1541 (11th Cir. 1992). The Secretary is *required* to exclude any individual who has been convicted of a felony offense relating to health care fraud from participation in any federal health care program for at least five years. *See Fuentes v. Becerra*, No. 20-cv-26, 2021 WL 4341115, at *1 (W.D. Va. Sept. 23, 2021); *see also* 42 U.S.C. § 1320a-7(a)(3), (c)(3)(B). This mandatory minimum period of exclusion may be extended if the Secretary determines that one or more of the aggravating factors listed in 42 C.F.R. § 1001.102(b) are present. *Lasher*, 369 F. Supp. 3d at 245; 42 U.S.C. § 1320a-7(c)(3)(B); 42 U.S.C. § 1302(a). As relevant here, the aggravating factors include: (1) "the sentence imposed by the court included incarceration," and (2) "the acts resulting in the conviction, or similar acts, caused, or were intended to cause, a financial loss to a government agency or program or to one or more other entities of $50,000 or more." 42 C.F.R. § 1001.102(b).

Plaintiff contends that the Secretary's decision to impose an 11-year exclusion is unreasonable because it was not supported by substantial evidence and because the Secretary failed to consider relevant evidence surrounding the two applicable aggravating factors. ECF

5

No. 13 at 11.  Plaintiff does not contest that:  (1) the acts that led to his criminal conviction caused loss to government programs of $50,000 or more, thereby triggering the aggravating factor at 42 C.F.R. § 1001.102(b)(1), and (2) he was sentenced to a term of incarceration, thereby triggering the aggravating factor at 42 C.F.R. § 1001.102(b)(5).  *Id.*  However, Plaintiff argues that the Secretary "erroneously applied and weighed" these two aggravating factors.  *Id.*

### I. The Secretary's Decision is Supported by Substantial Evidence

Plaintiff argues that the Secretary incorrectly relied on the full court-ordered restitution amount in applying the financial loss aggravating factor rather than the restitution he actually paid in the underlying criminal case.  *Id.* at 12.  Plaintiff relies on a 2021 settlement agreement he reached with co-defendant Absar Harris, with whom he was held jointly and severally liable, to support his argument that he was actually only responsible for $198,657 of the $554,331 total restitution amount.  *Id*.  In that agreement, Plaintiff agreed to divide the total amount of restitution with Harris such that Harris would pay $166,299.45 and Plaintiff would pay $388,032.06—$198,657.06 on behalf of himself and $189,375.00 on behalf of his nephew, Fawad Hameedi (another co-defendant who the sentencing court also found to be jointly and severally liable).  ECF No. 1 at 41.  Plaintiff argues that the Secretary should have considered the limited restitution that Plaintiff actually paid on his own behalf, $198,657, as laid out in the settlement agreement, rather than the court-ordered $554,331 total restitution.  ECF No. 13 at 12.  An 11-year exclusion period, Plaintiff argues, is unreasonable in light of the restitution that he actually paid.  *Id.* at 13.  This argument is unpersuasive.  The plain language of the regulation at issue here provides that "[t]he entire amount of financial loss to such government agencies or programs or to other entities . . . will be considered regardless of whether full or partial restitution has been made." 42 C.F.R. § 1001.102(b)(1). *See also Ali v. U.S. Dep't of Health & Hum. Servs.*, No. 21-cv-12365, 2022 WL 3130227, at *4 (E.D. Mich. Aug. 4, 2022) (finding that

6

OIG properly relied upon the total amount of restitution ordered in determining the length of the doctor's exclusion even though an amended judgment reduced the plaintiff's forfeiture amount by more than 50%). The $554,331 in restitution that Plaintiff was ordered to pay at his sentencing is substantial evidence of the amount of the financial loss to Medicare and Medicaid. *See Ali*, 2022 WL 3130227, at *4 ("[A]s part of his guilty plea Plaintiff conceded that his conduct resulted in more than $12 million in financial loss to Medicare. Therefore, the Inspector General properly relied on that amount in weighing the financial loss aggravating factor."). Plaintiff agreed to pay $554,331 in restitution as part of his guilty plea, which the sentencing court subsequently so-ordered, because it was the amount of "actual loss to the victims" for "payments for services that were not performed." AR at 360. Indeed, at Plaintiff's sentencing hearing on May 20, 2021, his counsel stated, "that the $554,000 [] is the amount of loss, the actual loss that the parties all agree to in the case." AR at 336–37. The fact that Plaintiff made a separate agreement with the co-defendants with whom he was held jointly and severally liable is of no relevance. Accordingly, the Secretary did not err by considering the full amount of loss Plaintiff caused to federal health care programs in determining an appropriate exclusion based on the financial loss aggravating factor. *Anderson v. Thompson*, 311 F. Supp. 2d 1121, 1128 (D. Kan. 2004) (finding that the Secretary correctly relied on the district court's determination of loss in the criminal proceeding as substantial evidence to decide the relevant exclusion period even though the sentencing judge did not order restitution).

Plaintiff also argues that the Secretary erroneously applied the incarceration aggravating factor by not considering that Plaintiff served only four months of the 20-month sentence imposed by the sentencing court. ECF No. 13 at 13. The Court disagrees for several reasons. First, the regulation governing this aggravating factor merely requires that incarceration be imposed for the factor to apply—the applicability of the factor does not turn on the length of the

sentence nor on the amount of time actually served.  42 C.F.R. § 1001.102(b)(5); *see also Pennington v. Thompson*, 249 F. Supp. 2d 931, 935 (W.D. Tenn. 2003) ("An aggravating factor is present when a sentence includes incarceration, regardless of the length of the incarceration."); *Patel v. Shalala*, 17 F. Supp. 2d 662, 666 (W.D. Ky. 1998) ("[The plaintiff's] sentence included incarceration and that is all that the regulations require as an aggravating factor.").  Furthermore, it was within the Secretary's discretion to look to the 20-month sentence that Plaintiff received rather than the four months of time he actually served.  *See Fuentes*, 2021 WL 4341115, at *10 (finding that "for purposes of judicial review" of the Secretary's exclusion decision, it did not matter how the Secretary weighed a single aggravating factor and that "[a]ll that matters is whether there is substantial evidence to support the conclusion that [the] exclusion is not unreasonable").  Plaintiff contends that "[t]he fact that [he] served only four months of his 20-month-sentence is relevant to his trustworthiness as a person, as his character and behavior would have been factored into the decision to allow him an early release." ECF No. 13 at 13.[3] However, "[t]hat the factors are designed to reflect trustworthiness does not necessitate analyzing the trustworthiness of a person in applying every aggravating and mitigating factor." *Aswad v. Hargan*, No. 16-cv-1367, 2018 WL 704370, at *4 (D.N.M. Feb. 2, 2018).

Finally, it was reasonable for the Secretary to look to the length of the sentence imposed by the sentencing court as substantial evidence of the danger Plaintiff posed to federal health

---

[3]    There is no evidence in the Administrative Record supporting Plaintiff's assertion that he ultimately served only four months of actual incarceration.  *See* AR at 21, 122–26, 149–150, 182, 609–43.  The Court must base its decision on "substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *see also* 42 U.S.C. § 405(g).  Therefore, the Court should not consider "Exhibit 4," Plaintiff's grant of furlough, appended to Plaintiff's Complaint because it is not contained in the administrative record.  ECF No. 1 at 44–45. However, because the Plaintiff's briefing to the ALJ mentions his grant of furlough, AR at 97, the Court will take notice of the fact that Plaintiff served only four months of his 20-month total sentence of imprisonment for the purpose of addressing his arguments herein.

8

care programs. *See Anderson*, 311 F. Supp. 2d at 1130 (finding that sentence of a term of imprisonment of 51 months was substantial evidence of the incarceration aggravating factor). Plaintiff's 20-month sentence was well below his sentencing guidelines range of 46 to 57 months and was imposed by the sentencing court in consideration of the severity of his offense as well as certain mitigating factors, including his accomplishments in the medical field and his services to underserved communities. AR at 357–59. Plaintiff does not provide, nor can the Court find, any authority to support the proposition that the time Plaintiff actually served should be considered instead of the sentence imposed. *See generally* ECF No. 1; ECF No. 13; ECF No. 16. Accordingly, the Secretary did not err by considering the substantial evidence of the sentence imposed in determining whether it was appropriate to increase the length of Plaintiff's exclusion based on the incarceration aggravating factor. *Lasher*, 369 F. Supp. 3d at 251 (because plaintiff's criminal conduct spanned more than one year and the sentencing judge imposed a three-year sentence of incarceration, the 10-year exclusion period imposed by the Secretary was reasonable).

Here, the presence of multiple aggravating factors combined with the absence of any mitigating factors supports the Secretary's decision to impose a significant period of exclusion. "If any one aggravating factor justifies an exclusion of longer than five years, then the presence of [multiple] aggravating factors surely justifies a longer exclusion." *Anderson*, 311 F. Supp. 2d at 1130; *see also Fuentes*, 2021 WL 4341115, at *10 (finding that a 15-year exclusion based on three aggravating factors was reasonable). The Secretary's reliance on the two aggravating factors of financial loss and a sentence including incarceration were sufficient to justify an 11-year exclusion in this case.

9

Accordingly, because the Secretary correctly applied the financial loss and incarceration aggravating factors laid out in 42 C.F.R. § 1001.102(b) and relied on the substantial evidence concerning these factors, the Court affirms the Secretary's decision.

## II.   The Secretary's Decision Was Not Arbitrary and Capricious

While the parties agree that 42 U.S.C. § 1320a-7(f) provides for judicial review of the Secretary's final determination, Plaintiff asserts that the Secretary's decision is also reviewable under the arbitrary and capricious standard of the Administrative Procedure Act ("APA") 5 U.S.C. § 551 *et seq*. The Secretary argues that 42 U.S.C § 1320(f) precludes review under the APA. The Court does not need to reach this issue. However, even if the Secretary's decision is reviewable under the APA, the Court finds that the Secretary's decision was neither arbitrary nor capricious.

The APA permits the setting aside of agency action that is "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). "[H]owever, [] a court is not to substitute its judgment for that of the agency and should uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *F.C.C. v. Fox Television Stations, Inc*., 556 U.S. 502, 513–14 (2009). Under this standard, the Court must find the Secretary's decision to be "arbitrary and capricious" if the Secretary "offered an explanation for its decision that runs counter to the evidence before the [Secretary], or is so implausible that it could not be ascribed to a difference in view or the product of [the Secretary]'s expertise." *Visels Drug Store, Inc. v. Drug Enf't Agency*, 593 F. App'x 12, 14 (2d Cir. 2014). When applying the arbitrary and capricious standard, the Second Circuit has directed that district courts should ask whether the Secretary has "articulated a satisfactory explanation for its action." *New York v. United States Dep't of Homeland Sec*., 969 F.3d 42, 64 (2d Cir. 2020). The APA also requires the Secretary to consider prior exclusion decisions made in other cases. *See Fox Television Stations.,* 556 U.S. at 515 ("An agency may

10

not, for example, depart from a prior policy *sub silentio* or simply disregard rules that are still on the books.").

Plaintiff contends that "even if this Court declines to credit Plaintiff's arguments that the financial loss attributable to his conduct was, at most, $198,657.06, and [that] his term of incarceration was only four months, the Secretary's decision to impose an 11-year period of exclusion is arbitrary and capricious." ECF No. 13 at 14. Plaintiff argues that the Secretary's decision was arbitrary and capricious because it departed from precedent in imposing a lengthy period of exclusion beyond the mandatory minimum of five years. *Id.* at 14–16. The Secretary argues that he provided a satisfactory explanation for the exclusion and did not treat Plaintiff more harshly than other similarly situated individuals. ECF No. 15 at 15.

The Secretary's decision to exclude Plaintiff from Medicare and Medicaid was not arbitrary and capricious because the decision was accompanied by an explanation based on substantial evidence in the record and because it is consistent with the Secretary's prior decisions. *See Islander E. Pipeline Co., LLC v. McCarthy*, 525 F.3d 141, 151 (2d Cir. 2008) ("[T]he agency's decision must reveal a rational connection between the facts found and the choice made."). As already discussed, the Secretary based its decision to exclude Plaintiff for an 11-year period on the financial loss and incarceration aggravating factors. AR at 21. In support of his decision, the Secretary cited substantial evidence that the financial loss resulting from Plaintiff's criminal conduct was well in excess of $50,000 and that his sentence included incarceration. AR at 26, 29. Accordingly, the Court concludes that the Secretary's application of the aggravating factors in the relevant regulations, based on substantial evidence of Plaintiff's restitution order and his sentence of incarceration, constitutes a satisfactory explanation. *See Fuentes*, 2021 WL 4341115, at *11–12 (finding that plaintiff had "not identified any clear error of judgement that would render the [Secretary's] decision arbitrary and capricious").

11

The Court also finds that the Secretary did not depart from agency precedent in imposing an 11-year exclusion period. *See Cal. Cmtys. Against Toxics v. Env't Prot. Agency*, 928 F.3d 1041, 1057 (D.C. Cir. 2019) ("Agency action is also arbitrary and capricious if it offered insufficient reasons for treating similar situations differently."). As discussed in the Secretary's final decision, the Secretary concluded that Plaintiff should be excluded for 11 years after conducting a close review of its prior exclusion decisions. AR at 26. For example, in a 2021 case that the Secretary cited in his final decision, the same two aggravating factors were present, and the DAB determined that a 10-year exclusion was appropriate based on the doctor's six-month sentence and the $500,000 in financial loss that he caused. *Id.* And, in a 2022 case, the Secretary excluded a doctor for 13 years based on a sentence of 12 months of incarceration and financial loss to the government of $813,000. *Id.* These examples, and the Secretary's citations thereto in his final decision, demonstrate that the exclusion period imposed by the Secretary was grounded in prior decisions and was not unreasonable.

Additionally, the Court does not find Plaintiff's citations to specific instances in which the Secretary imposed shorter exclusionary periods under different circumstances to be persuasive. For example, Plaintiff points to a case in which the Secretary imposed a 10-year exclusion period after a doctor was sentenced to 47 months of incarceration. *See* ECF No. 13 at 15 (referencing *Pennington*, 249 F. Supp. 2d at 934). However, in that case, there was no financial loss aggravating factor and the plaintiff's criminal conviction was related to drug possession rather than fraud. *See Pennington,* 249 F. Supp. 2d at 934. Plaintiff also cites to a case in which the Secretary imposed a 10-year exclusion based on three aggravating factors. *See* ECF No. 13 at 15 (referencing *Laura Leyva*, DAB No. 2704 (2016) (H.H.S. May 24, 2016)). However, in that case, the harm caused to the government agency, as reflected in the plaintiff's restitution, was $216,139—less than half the restitution amount imposed on Plaintiff in this

action—and the plaintiff was sentenced to home detention rather than prison. *See Laura Leyva*, DAB No. 2704. Other past exclusionary decisions cited by Plaintiff are similarly distinguishable and unpersuasive. The Secretary's decision is consistent with prior exclusion decisions and the Secretary provided a reasoned explanation for the length of the exclusion. Therefore, because the "path" the Secretary took in reaching his exclusion decision "may reasonably be discerned," the Court finds that the Secretary's decision was not arbitrary and capricious under the APA. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

### III. The Secretary's Decision Did Not Violate Plaintiff's Right to Due Process

Plaintiff further argues that the Secretary's imposition of an 11-year exclusion period without consideration of the circumstances surrounding the aggravating factors violated Plaintiff's procedural due process rights.[4] ECF No. 13 at 17. The Secretary argues that the Court lacks subject matter jurisdiction over Plaintiff's due process claim because "Section 405(h) excludes review of the Secretary's exclusion decision under any statute other than 42 U.S.C. § 1320a-7(f)." ECF No. 10 at 23. However, as with Plaintiff's APA claim, the Court need not decide here whether Plaintiff's due process claim is foreclosed by the statute. Rather, because Plaintiff cannot show that the process he was afforded was insufficient, his due process claim must fail as a matter of law. *See Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 467–468 (2d Cir. 2006).

---

[4] The Court understands Plaintiff only to be alleging a violation of his procedural due process rights. ECF No. 13 at 17. However, to the extent that Plaintiff also intends to assert a substantive due process claim, because the Court finds that the Secretary's decision was not arbitrary and capricious under the APA, the Court also finds that Plaintiff's substantive due process rights were not violated under the "outrageously arbitrary" substantive due process standard. *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) ("Substantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.").

13

"To plead a violation of procedural due process, a plaintiff must plausibly allege that he was deprived of property without constitutionally adequate pre- or post-deprivation process. In order to do this, a plaintiff must first identify a property right, second show that the government has deprived him of that right, and third show that the deprivation was effected without due process." *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013). The fundamental requirement of procedural due process "is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Plaintiff claims that he has a protectible property interest in the authorization to treat beneficiaries of federal healthcare programs and that he was deprived of that interest without due process. ECF No. 13 at 18. Plaintiff also contends that the Secretary violated his due process rights because he did not apply the two aggravating factors to Plaintiff "in a manner that considered all the circumstances surrounding those two factors." *Id*. Specifically, Plaintiff recapitulates his arguments that the Secretary should have considered Plaintiff's actual period of incarceration rather than his imposed sentence and the portion of restitution that Plaintiff paid rather than the restitution ordered by the sentencing court. *Id.* at 18–19. Even if Plaintiff has a protectible interest in participation in federal healthcare programs, the Court still finds that Plaintiff was afforded sufficient due process.[5]

---

[5] The Second Circuit "has not squarely held one way or the other" whether authorization to treat beneficiaries of federal healthcare programs is a property right for the purposes of deciding a due process claim. *Pawlowski v. Becerra*, No. 21-cv-931, 2022 WL 616796, at *10 (W.D.N.Y. Mar. 2, 2022). However, the Court finds the reasoning in decisions from other circuits, holding that providers do not have a property interest in continued participation in federal healthcare programs because they are not the intended beneficiaries of the programs, persuasive. *See, e.g.*, *Parrino v. Price*, 869 F.3d 392, 398 (6th Cir. 2017) ("several of our sister circuits have held that . . . health care providers are not the intended beneficiaries of the federal health care programs and they therefore do not have a property interest in continued participation") (collecting cases from three other circuit courts of appeals). Furthermore, the Second Circuit reached a similar conclusion in a somewhat related case involving New York State's decision not to allow a doctor to re-enroll in its Medicaid program. *See Senape v. Constantino*, 936 F.2d 687, 689–91 (2d Cir.

Plaintiff cannot, and does not, point to any procedural safeguards that he was denied. *See generally* ECF No. 1; ECF No. 13; ECF No. 16. Plaintiff received all the process that he was due with respect to the Secretary's exclusion decision because he received reasonable notice and an opportunity to be heard throughout the multi-step administrative process. *See Lasher*, 369 F. Supp. 3d at 251 (finding the Secretary's procedures to be sufficient to satisfy due process). While the Second Circuit has not directly addressed the issue, other circuits and district courts within the Second Circuit have specifically determined that the Secretary's exclusion procedures satisfy constitutional due process requirements. *See, e.g.*, *Rodabaugh v Sullivan*, 943 F.2d 855, 858 (8th Cir. 1991) ("This circuit has reviewed due process challenges to exclusions of doctors from the Medicare program and it has determined that the Secretary's procedures for exclusion are constitutionally sufficient."); *Doyle v. Sec'y of Health & Hum. Servs.*, 848 F.2d 296, 302 (1st Cir. 1988) ("HHS provides [plaintiff] with all of the process that is constitutionally due."); *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) ("[Plaintiff]'s right to procedural due process was not violated."); *Cassim v. Bowen*, 824 F.2d 791, 798 (9th Cir.1987) ("Consistent with the requirements of due process, [plaintiff] received some form of hearing prior to deprivation."); *Pawlowski,* 2022 WL 616796, at *11–13 (finding that a nurse practitioner's exclusion from Medicare did not violate his due process rights). After reviewing the procedures utilized by the Secretary in Plaintiff's case, the Court does not see any reason why it should reach a different conclusion.

---

1991). In *Senape,* the Second Circuit held that the doctor did not have a property right to continued enrollment as a qualified provider in New York State's Medicaid program because of the discretion afforded to state officials in determining "the qualifications and status of New York Medicaid providers." *Id.* To decide this motion, the Court assumes *arguendo* that Plaintiff does have such a property interest.

15

Before deciding to exclude Plaintiff, the OIG notified him that it was required by 42 U.S.C. § 1320a-7(a) to exclude him from participation in all federal health care programs and gave him 30 days to submit any information and supporting documentation for the OIG to consider in determining the proposed exclusion. AR at 616. Plaintiff submitted information and asked the OIG to consider, *inter alia*, certain mitigating factors. AR at 609–43. After reviewing the information that Plaintiff had submitted, the OIG issued a notice on February 28, 2022, informing Plaintiff that he was being excluded for a minimum period of 11 years, and stated the reasons for its determination. AR at 44–5. The notice identified the two aggravating factors that were being applied and the bases for the OIG's finding that they should apply. AR at 45. The notice also provided Plaintiff with information regarding how to appeal the exclusion. AR at 47. Plaintiff appealed and submitted a brief to an ALJ in accordance with 42 U.S.C. § 1320a-7(f)(1). AR at 97–115. After Plaintiff and the Secretary appealed the ALJ's decision, the DAB considered the record before it and issued a decision accompanied by a thorough and reasoned explanation. AR at 13–35. Based on the significant procedural opportunities Plaintiff was afforded, the Court finds that the Secretary's procedures for exclusion satisfy the requirements of due process.

## **CONCLUSION**

In considering the record as a whole, the Court finds that the Secretary's decision applied the correct legal standard, was supported by substantial evidence, was not arbitrary and capricious, and afforded Plaintiff the process he was due. Accordingly, the Court DENIES Plaintiff's motion for judgment on the pleadings, *see* ECF No. 13, and GRANTS the Secretary's

cross-motion for judgment on the pleadings, *see* ECF No. 10.  The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

                                                */s/ Hector Gonzalez*
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
         September 17, 2024